Name: Brian Maguire
USP, Cg. 5, I-10
Address: PO Box 250
Telephone: Draper, UT. 84020-0250

FILED
U.S. DISTRICT COURT

2010 NOV -8 P 3: 37

DISTRICT OF UTAH

BY:

# UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
## Central DIVISION

Brian Maguire,
_____
(Full Name)
### PLAINTIFF

vs.

Dr. Richard Garden,

P.A. Chris Abbott,

And John Doe #1

Through #8,
_____
### DEFENDANTS

Amended Complaint

**CIVIL RIGHTS COMPLAINT**
(42 U.S.C §1983, §1985)

CIVIL NO. 2:10-cv-00626 CW
(Supplied by Clerk)

## A. JURISDICTION

1.   Jurisdiction is proper in this court according to:

   a. _X_ 42 U.S.C. §1983
   b. ___ 42 U.S.C. §1985
   c. _X_ Other (Please Specify) _____

   See Attached pages

2.   NAME OF PLAINTIFF_____
     IS A CITIZEN OF THE STATE OF _____

     PRESENT MAILING ADDRESS: _____
     _____

3.   NAME OF FIRST DEFENDANT_____

## Jurisdiction

1.   This is a civil action authorized by 42 USC §1983, §12101 and §12213 undertaken to redress the deprivation, under color of state law, of rights, privileges, and immunities secured by the Constitution of the United States of America. This court has jurisdiction to hear these matters under 28 USC §1331 and §1343(a)(3). Plaintiff seeks declaratory relief pursuant to 28 USC §2201 and §2202. Plaintiff's claim for injunctive relief is authorized by 28 USC §2283, §2284, and Rule 65 C, Fed. R. Civ. P. Plaintiff further invokes this court's Supplemental Jurisdiction pursuant to 28 USC §1367 to hear matter involving violation of state law arising from the same facts as those underlaying the Federal claim(s).

## Venue

2.   The District of Utah, Central Division, is an appropriate venue under 28 USC §1391 (b)(2) because it is where the events giving rise to this complaint occurred.

## Plaintiff

3.   The plaintiff, Brian Maguire, is a citizen of the United States of America, and is a resident of Salt Lake County, Utah, and is currently incarcerated in the Utah State Prison, Draper, Utah.

## Defendants

4.   Defendant Dr. Richard Garden is/was the Director Clinical Services Bureau for Utah Department of Corrections,

He is responsible To ensure that he and his staff provide adequate medical care To UDC/prison inmates.

5. Defendant Physician's Assistant Chris Abbott is/was The health care provider directly Responsible To provide adequate medical care To plaintiff during the pertinent Time of fact, 7-3-08 And 7-15-08.

6. Defendant John Doe #1 is The U.D.C. medical personnel in The Wasatch Infirmary who was on duty between 7-10-08 And 7-14-08 And who Together with defendant John Doe #2 gave plaintiff I.V. fluids. Plaintiff believes John Doe #1 is Steve Mecham, but is not positive of this.

7. Defendant John Doe #2 is the U.D.C. medical personnel in The Wasatch Infirmary who was on duty between 7-10-08 And 7-14-08 And who Together with defendant John Doe #1 gave plaintiff I.V. fluids. Plaintiff believes That John Doe #2 is John Doe #1's supervising nurse At The Time of fact.

8. Defendant John Doe #3 is The UDC medical personnel who was in The Uinta 5 Facility Approx. 1940hrs, 7-15-08, And who Together with John Doe #4 Responded To plaintiff call for help. Incident report No. 224640 identifies John Doe #3 And John Doe #4 As Med. Tech. Craig And Rogers.

9. Defendant John Doe #4 is The UDC medical personnel who was in The Uinta 5 Facility approx. 1940hrs, 7-15-08, And who Together with John Doe #3 responded To plaintiff's call for help. Incident report No. 224640 identifies John Doe #3

3

and John Doe #4 as Med. Tech. Craig and Rogers.

10.   Defendant John Doe #5 is a UDC Correctional Officer who took counts between the hours from 2030hrs, 7-15-08, to 0500, 7-16-08, in the Uinta 5 Facility. Incident Report No. 224640 identifies Officers J. Miller, Mau and Simons, One of which is John Doe #5.

11.   Defendant John Doe #6 is a UDC Correctional Officer who took counts between the hours from 2030 hrs, 7-15-08, to 0500 hrs, 7-16-08, in the Uinta 5 Facility. Incident Report No. 224640 identifies Officers J. Miller, Mau and Simons, one of which is John Doe #6.

12.   Defendant John Doe #7 is a UDC Correctional Officer who took counts between the hours from 2030hrs, 7-15-08, to 0500hrs, 7-16-08, in the Uinta 5 Facility. Incident Report No. 224640 identifies Officers J. Miller, Mau and Simons, one of which is John Doe #7.

13.   Defendant John Doe #8 is/was an employee of Draper City Ambulance/ Unified Fire Authority on 7-16-08 and was responsible for the decision to not admit plaintiff for emergency care at the first hospital in Utah County to which plaintiff was taken on 7-16-08.

## Administrative Remedies

14.   Plaintiff has exhausted UDC grievance procedures without adequate resolution. (grievance No. 190871090) Plaintiff has complied with Utah's Health Care Malpractice Act and with Governmental Immunity Act of Utah.

4

## General Allegations

15.   A whole and reasonably healthy 59 year old male, plaintiff was returned to prison custody from parole on 7-2-08. On 7-16-08, plaintiff was hospitalized in ICU at UMC as result of cortical venous thrombosis and hemorrhagic infraction effecting the right frontal and the right parietal lobes of his brain: A stroke occurring while plaintiff was a prisoner in the custody of the Warden and his designees at the Utah State Prison in Draper, Utah.

16.   Today, plaintiff is disabled without the full control and use of his left body. He is a journeyman machinist who can not return to work in his former capacity as result of his damage. His left hand remains useless. He has some control of left arm and leg but that control is weak and spastic. He suffers facial droop and has some speech problems. He experiences intermitten fits of convulsive twitching that come and go throughout his entire left body including and effecting vision in his left eye. His balance is impared; he has short term memory problems; and he has trouble concentrating. All this creates extreme emotional distress further debilitating plaintiff.

17.   The claims and the events underlaying them in this complaint occurred during the period from July 2, to July 16,

5

2008. Some occurred independant of each other. All causually stem from the abrupt interruption of plaintiff's perscribed medication on 7-3-08, precipitating extreme physiological distress, culminating hosp.talization for serious stroke injuries on 7-16-08. This system of events could have ... and properly should have been interrupted with adequate medical care at any and/or all of the points at which claim is made were it not for an underlaying, unspoken but complicit design that plaintiff deserved what was unfolding. Just deserets for the recidivist / punishment, cruel and unusual.

     18. Plaintiff has provided an additional sworn statement of these events in chronological order in his <u>Affidavit in Support of "Request"</u> originally prepared for prelitigation review in Utah's Department of Commerce. Please see "<u>Affidavit...</u>" paragraphs 2-26, 31 & 32 ? ("<u>Affidavit...</u>" not incorporated here)

    <u>First Claim for Relief</u>: Cruel and Unusual Punishment / denial of adequate medical care through interruption of critical medication.

     19. Plaintiff hereby incorporates by reference paragraphs 1 through 18.

     20. At the time of fact, 7-3-08, defendant Dr. Richard Garden was Director (Clinical) Services Bureau and was the senior medical personnel at the Utah State Prison. He was responsible to ensure that he and his staff provide adequate medical care to UDC / prison inmates.

(23. b.) Abrupt discontinuation of Methadone may be medically dangerous.

21. At the time of fact, 7-3-08, defendant P.A. Abbott was the health care provider directly responsible to provide adequate medical care to plaintiff.

22. Defendants Dr. Garden and P.A. Abbott are accused jointly and/or seperately of violating plaintiff's civil rights through acts and omissions as follows:

(23.A.) At the time of plaintiff's return to prison custody on 7-2-08, he was perscribed and currently receiving 120 mgs dayly of the addictive medication, Methadone, as an out-patient through Discovery House Clinic in SLC, UT.

24. At plaintiff's in-take medical examination with defendant P.A. Abbott on 7-3-08, plaintiff advised defendant of plaintiff's medical addiction to Methadone and asked defendant to either provide the medication or taper plaintiff off the current perscription.

25. Defendant Abbott refused saying that UDC Policy was to taper-off pregnant female prisoners, only.

26. Plaintiff told Defendant Abbott that plaintiff understood the ADC (S.L. Co. Jail) to taper-off incoming jail prisoners who were currently receiving over 100 mgs dayly of methadone and that plaintiff had just arrived directly from out-patient care on 120 mgs dayly.

27. Defendant Abbott phoned someone whom he identified as Defendant Dr. Garden and relayed plaintiff's information and concern to that individual.

7

28.   After hanging-up the phone, defendant Abbott told plaintiff that defendant Garden had refused to taper plaintiff off the perscription saying, " Dr. Garden said withdrawals won't kill you.".

29.   Defendant P.A. Abbott did not provide the medication, nor taper plaintiff off the perscription.

30.   During the ensuing "cold turkey" withdrawals plaintiff suffered extreme physiological distress culminating in hospitalization for stroke injuries on 7-16-08.

31.   Plaintiff has not recovered from those injuries.

32.   By knowingly withholding procedure to safely withdraw plaintiff from a dangerously addictive per- scription, jointly and/or seperately defendants Dr. Richard Garden and P.A. Chris Abbott were deliberately indifferent to the serious medical consequences that did ensue in violation of plaintiff's Eighth Amendments rights.

33.   Plaintiff is entitled to judgement against defendant Dr. Richard Garden and/or defendant P.A. Chris Abbott and to compensation from defendants jointly and/or seperately. For plaintiff's harm and suffering.

Second Claim for Relief: Cruel and Unusual Punishment/ denial of adequate medical care through disregard of serious medical need in favor of less efficacious response and failure to document serious medical emergency.

8

34.   Plaintiff hereby incorporates by reference paragraphs 1 through 18.

35.   At the time of fact, approx. 7-13-08, defendants John Doe #1 and #2 were medical personnel on duty in the Wasatch Infirmary.

36.   Plaintiff thinks that defendant John Doe #1 is Steve Mecham and that defendant John Doe #2 was defendant John Doe #1's supervising nurse at the time of fact.

37.   Defendant John Doe #1 and #2 are accused jointly and/or seperately for violating plaintiff's civil rights through acts and omissions as follows:

38.   Following the abrupt interruption of plaintiff's medication, his condition grew continually worse. On approx. 7-8-08, he suffered what plaintiff calls in his own words, " A severe nervous-breakdown replete with paranoid delusions and psychotic hallucinations.".

39.   Approx. 7-10-08, plaintiff was removed to a stripped-camera'ed-isolation cell called "Psych-cells" hidden from general population in the back of the infirmary.

40.   At some point, approx. 7-13-08, plaintiff became lucid in a trauma room with defendants John Doe #1 and #2 present trying to hook plaintiff up to I.V. apparatus.

41.   The procedure was accomplished in plaintiff's lower leg and he received two pints I.V. fluids.

42.   During the procedure, defendant John Doe #1 told plaintiff that plaintiff had been discovered unconscious

with dangerously low blood pressure and that defendant John Doe #2 had determined to attempt reviving plaintiff with I.V. fluids before sending plaintiff to outside hospital

43. After the procedure, plaintiff was returned to "Psych-cells".

44. No further testing nor care was provided.

45. No medical record was made of the incident.

46. Plaintiff was returned to general in-take population, Uinta 5, 7-14-08, afternoon.

47. By refusing to document record of medical emergency and response, defendants John Doe #1 and #2 deprived plaintiff of adequate follow up care and were deliberately indifferent to serious medical need in violation of plaintiff's Eighth Amendment Rights.

48. Plaintiff is entitled to a judgement against defendant John Doe #1 and/or John Doe #2 and to compensation from defendant(s) jointly and/or seperately for plaintiff's harm and suffering.

Third Claim for Relief: Cruel and Unusual Punishment / denial of adequate medical care through conscious disregard of serious medical need in favor of less efficacious response.

49. Plaintiff hereby incorporates by reference paragraphs 1 through 18 and 20 through 31.

50. The morning of 7-15-08, plaintiff submitted a request for medical visit to address a worsening problem

plaintiff was having controlling his left body and limbs.

51.  Approx. 1400 hrs. 7-15-08, plaintiff was seen by defendant P.A. Chris Abbott who reviewed plaintiff's electronic medical file, briefly examined plaintiff, messaged plaintiff's left Trapezius area, perscribed a muscle relaxer and sent plaintiff back to plaintiff's cell.

52.  Defendant Abbott was the health care provider directly responsible to provide adequate medical care to plaintiff on 7-15-08.

53.  Defendant Abbott refused to consider serious Transient Ischemic Attack symptoms commonly associated with stroke and he further refused to initiate Testing and follow-up which would have prevented the greater harm that did ensue.

54.  Plaintiff was injured and has not recovered from those injuries.

55.  By consciously disregarding serious symptoms commonly associated with stroke emergency in favor of less efficacious diagnoses and response, defendant P.A. Chris Abbott deprived plaintiff of adequate medical care and was deliberately indifferent to serious medical need in violation of plaintiff's Eighth Amendment rights.

56.  Plaintiff is entitled to judgement against defendant Abbott and to compensation from defendant for plaintiff's pain and suffering.
harm

<u>Fourth Claim For Relief</u>: Cruel And Unusual Punishment / denial of Adequate medical care through conscious disregard of serious medical need in favor of less efficacious Response And failure to document record.

57.   Plaintiff hereby incorporates by Reference paragraphs 1 through 18

58.   At the time of fact, 7-15-08, defendants John Doe #3 And #4 were UDC medical personnel And were in the Uinta 5 Facility At approx. 1940 hrs.

59.   Defendants John Doe #3 And #4 Are the two medical personnel identified in incident report No. 224640 As Med. Tech. Craig And Rogers.  Plaintiff does not know which?

60.   Defendants John Doe #3 And #4 Are Accused jointly And/or seperately for violating plaintiff's civil rights As follows: Through acts and omissions.

61.   At approx. 1940 hr., 7-15-08, plaintiff suffered an attack of siezure-like muscular convulsions specific to his left body, robbing the effected area of voluntary control.  Plaintiff remained lucid And asked the other inmates in F-section, Uinta 5, To call the guards for help.

62.   At approx. 1940 hrs, defendants John Doe #3 And #4 Responded with others.

63.   Defendant John Doe #3 said, "It looks like A siezure." And began questioning plaintiff.

64.   In response To defendant's questions, plaintiff Told defendants That plaintiff did not know what "This" was, (what was happening To him)   That plaintiff had never had a sezure, That plaintiff was lucid Throughout, That plaintiff had seen defendant P.A. Abbott earlier That Day because plaintiff was having Trouble controlling The left side of his body, And That plaintiff could not move his left arm and leg, Now.

65.   Defendants John Doe #3 and #4 And one "Other" moved plaintiff's mattress To the floor And put plaintiff on floor (mattress) Then left him There.

66.   Neither defendant John Doe #3 nor #4 documented medical Record of The incident and no follow-up was provided.

67.   Plaintiff has noT Recovered from The injuries at which defendants left him approx 1940 hrs, 7-15-08. He Remains permanently damaged from The Attack of sezure-like muscular convulsions because he received no care And Treatment Timely To The event.

68.   By Refusing To initiate emergency And follow-up medical procedures, And by Refusing To document Record of The emergency defendants John Doe #3 and #4 jointly and/or seperately deprived plaintiff of adequate medical care And were deliberately indifferent To serious medical need in violation of Plaintiff's Eighth Amendment Rights.

69. Plaintiff is entitled To judgement Against defendant John Doe #3 And/or John Doe #4 And To compensation From defendants jointly And/or seperately For plaintiff's harm And suffering.

Fifth Claim For Relief: Cruel And Unusual Punishment/ denial of Adequate medical care Through refusing To document request For emeergency response.

70. Plaintiff hereby incorporates by reference paragraphs 1 Through 18 And 61 Through 67.

71. At The Time of fact, ~~1830~~ 2030 hrs, 7-15-08, Through 0500 hrs, 7-16-08, defendants John Doe #5, #6, And #7 were UDC correctional Officers on duty in The Uinta 5 Facility.

72. Defendants John Doe #5, #6, And #7 Are The Three Officers identified in incident Report No. 224640 As Officers J. Miller, Mau And Simons. Plaintiff does noT Know which?

73. Defendants John Doe #5, #6, And #7 Are accused jointly And/or seperately For violating plaintiff's civil rights through Acts And omissions As follows:

75. Plaintiff had suffered a medical Attack which left him helpless. He was barred in a cell, on a mattress on The floor with The cell light full-on.

76. AT each count From 2030 hrs, 7-15-08, Through 0500, 7-16-08, plaintiff Asked The counting officer To get medical To help plaintiff: To call medical.

77. No help came.

78. No record was made of plaintiffs Requests.

79. Plaintiff has not recovered from his condition at the time of fact.

80. By knowingly refusing to document record of plaintiff's request made to them at counts defendants John Doe #5, #6, and #7 jointly and/or seperately deprived plaintiff of adequate medical care and were deliberately indifferent to serious medical need in violation of plaintiff's Eighth Amendment Rights.

81. Plaintiff is entitled to judgement against defendant John Doe #5, #6, and/or #7 and to compensation from defendants jointly and/or seperately for plaintiffs harm and suffering.

<u>Sixth Claim for Relief</u>: Cruel and Unusual Punishment and Disparate Treatment/ unnecessary delay in providing emergency care.

82. Plaintiff hereby incorporates by Reference paragraphs 1 through 18.

83. At the time of fact approx. 0830 hrs. 7-16-08, defendant John Doe #8 was the Unified Fire Authority / Draper City Ambulance personnel responsible to route plaintiff, an emergency victim, to the soonest adequate care provider. Route & Adm.T.

84. Defendant John Doe #8 is accused of violating plaintiff's civil rights by acts and omissions as follows:

85.   At approx. 0830 hrs. 7-16-08, a team of E.M.T.'s from Draper City Ambulance arrived at the Utah State Prison to transport a suspected stroke victim to emergency care provider.

86.   The E.M.T.'s strapped plaintiff to a gurney and loaded him into an ambulance.

87.   The ambulance proceeded south to a hospital in Utah County.

88.   Defendant John Doe #8 made decision to not admit plaintiff at this first hospital and directed the ambulance to take plaintiff to Alta View Hospital in Salt Lake County instead.

89.   The ambulance left the hospital in Utah County with plaintiff still in its charge and proceeded back across Point of the Mountain and down into Salt Lake County to Alta View Hospital where they did admit plaintiff.

90.   After a substantial time (more than one hour) another team of E.M.T.'s appeared and took plaintiff to UMC where he received emergency treatment and care in I.C.U.

91.   Due to unnecessary and avoidable delay in receiving treatment and care, plaintiff has not recovered from his injuries at the time of fact.

92.   By intentionally refusing to admit plaintiff at the first provider and by re-routing plaintiff to another provider who was inadequate to treat plaintiff's suspected

injuries, defendant John Doe #8 deprived plaintiff of adequate medical care and was deliberately indifferent to the serious injury for which plaintiff was suspected, in violation of plaintiff's Eighth Amendment Rights.

93.   Plaintiff is entitled to judgement against defendant John Doe #8 and to compensation from defendant for plaintiff's harm and suffering.

Seventh Claim for Relief: Violation(s) of State Law: excessive abuse / clearly deficient care.

94.   Plaintiff hereby incorporates by reference all preceding paragraphs.

95.   All defendants named above are accused jointly and/or seperately of violating plaintiff's state endowed personal rights by acts and omissions as set forth above.

96.   By their acts and omissions as set forth in the preceding paragraphs all and/or any of the above named defendants jointly and/or seperately were excessively abusive and provided medical care that was clearly deficient, subjecting plaintiff to "unnecessary rigor" in violation of Article One, Section 9, Constitution of Utah.

97.   Plaintiff is entitled to judgement against all and or any of the above named defendants and to compensation from those defendants jointly and/or seperately for plaintiff's harm and suffering.

<u>Eighth Claim for Relief:</u> Violations of State Law / gross negligence and/or gross error. / common Law.

98.   Plaintiff hereby incorporates by reference paragraphs 1 through 18, 34 through 48, and 57 through 81.

99.   At the pertinent time(s) or fact set forth in the above indicated paragraphs defendants John Doe #1 through #7 were in a position of authority over plaintiff and were responsible for his physical well being.

100.   Defendants failure to document record of plaintiffs pleas for help and/or defendants response to emergency situation was ministerial in nature and caused undue, harmful delay in discovering and treating plaintiff's injury(s).

101.   Plaintiff's injury was exacerbated by defendant's acts and omissions and plaintiff is not recovered.

102.   By failing to adequately perform a ministerial function defendants John Doe #1 through #7 erred and were grossly negligent, failing in their responsibility to plaintiff in violation of professional and medical standards.

103.   Plaintiff is entitled to a judgement against defendants John Doe #1 through #7 and to compensation from defendants jointly and/or seperately for plaintiff's harm and suffering.

<u>Ninth Claim For Relief</u>: Violations of State Law/ gross Negligence And/or gross error / common law.

104. Plaintiff hereby incorporates by reference paragraphs 1 Through 18 and 82 Through 93.

105. At The Time of fact, 7-16-08, defendant John Doe #8 was Responsible To route plaintiff To The soonest, Adequate emergency care provider And To Admit plaintiff for emergency care.

106. Defendant's failure To Admit plaintiff for emergency care At The first hospital To which plaintiff was Taken was ministerial in nature And caused undue, harmful delay in discovering And Treating plaintiff's injury.

107. Plaintiff's injury was exacerbated by defendants Acts And omissions And plaintiff is not recovered.

108. By failing To Adequately perform A ministerial function defendant John Doe #8 erred And was grossly negligent, failing in his responsibilities To plaintiff in violation of professional And medical standards.

109. Plaintiff is entitled To A judgement Against defendant John Doe #8 And To compensation from defendant for plaintiff's harm and suffering.

110.   Plaintiff has no adequate or complete remedy at law to redress the wrongs described herein. Plaintiff has been and will continue to be irreparably injured by defendants unless the court grants the declaratory and injunctive relief which plaintiff seeks.

## Prayer For Relief

WHEREFORE, plaintiff respectfully prays that this court enter judgement granting plaintiff:

111.   A declaration that the acts and omissions described herein violated plaintiff's rights under the constitutions and laws of the United States of America and the State of Utah.

112.   A preliminary and permanent injunction ordering defendant Dr. Richard Garden, Director of Clinical Services Bureau, and any successors and/or persons performing tasks currently defined under defendant Garden's current authority to approve and order provided, regardless of plaintiff's ability to pay costs, any medical/surgical/therapuetical procedure(s) which may be shown to hold reasonable expectation of returning the usefulness of plaintiff's body and limbs to a proximation of its function at the beginning time of fact: 7-3-08. This shall include diagnostic procedures initiated by plaintiff through "other" care and treatment providers for the purpose of determining "reasonable expectation" as used in the above.

113. Compensatory damages in the amount of $2,500,000.00 against defendants jointly and/or severally.

114. Punitive damages in the amount to be determined against each defendant.

115. A jury trial on all issues triable by jury.

116. Plaintiff's costs in this suit, including attorney fees if appropriate.

117. Any additional relief this court deems just, proper, and equitable.

## DECLARATION UNDER PENALTY OF PERJURY

The undersigned declares under penalty of perjury that he/she is the plaintiff in the above action, that he/she has read the above complaint, and that the information contained therein is true and correct.  28 U.S.C. §1746; 18 U.S.C §1621.

Executed at _U S P_____ on _Nov. 4_____ 20 _10_
         (Location)            (Date)

_Brion M/aguire_
Signature

22