## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH

| | |
|---|---|
| BRIAN MAGUIRE,<br><br>          Plaintiff,<br><br>     v.<br><br>DR. RICHARD GARDEN et al.,<br><br>          Defendants. | **MEMORANDUM DECISION &<br>THIRD ORDER DIRECTING SERVICE<br>OF PROCESS, ANSWER AND/OR<br>DISPOSITIVE MOTION**<br><br>Case No. 2:10-CV-626 CW<br><br>District Judge Clark Waddoups |

Plaintiff, Brian Maguire, an inmate at Utah State Prison (USP), filed this *pro se* civil rights suit.  *See* 42 U.S.C.S. § 1983 (2013).  Plaintiff was allowed to proceed *in forma pauperis*. *See* 28 *id.* § 1915.  The Court now has information giving specific names to John Doe defendants three and four.  Per Utah Department of Corrections's (UDOC) Initial Contact Report, filed by Jerry Miller, on July 15, 2008, which is part of the record here, the Court orders UDOC officials to in good faith investigate the identity, and supply information to facilitate the serving, of "Med-techs Craig and Rogers," who reportedly "checked Maguires [sic] vitals and told him to stay on the floor."

Based on review of the information about the identity of "Med-techs Craig and Rogers," the Court concludes that official service of process is warranted.  The United States Marshals Service (USMS) is directed to serve a properly issued summons and a copy of Plaintiff's Amended Complaint, along with this Order, upon the following individuals:

**Med-tech Craig**
**Med-tech Rogers**

Once served, Defendants shall respond to the summons in one of the following ways:

(A) If Defendants wish to assert the affirmative defense of Plaintiff's failure to exhaust administrative remedies in a grievance process, Defendants must,

> (i) within 20 days of service, file an answer;
>
> (ii) within 90 days of filing an answer, prepare and file a *Martinez* report limited to the exhaustion issue[1]; and
>
> (iii) within 120 days of filing an answer, file a separate summary-judgment motion, with a supporting memorandum.

(B) If Defendants choose to challenge the bare allegations of the complaint, Defendants shall, within 20 days of service,

> (i) file an answer; or
>
> (ii) file a motion to dismiss based on Federal Rule of Civil Procedure 12(b)(6).

(C) If Defendants choose not to rely on the defense of failure to exhaust and wish to pierce the allegations of the complaint, Defendants must,

---

[1] *See Martinez v. Aaron*, 570 F.2d 317 (10th Cir. 1978) (approving district court's practice of ordering prison administration to prepare report to be included in pleadings in cases when prisoner has filed suit alleging constitutional violation against institution officials).

In *Gee v. Estes*, 829 F.2d 1005 (10th Cir. 1987), the Tenth Circuit explained the nature and function of a *Martinez* report, saying:

> Under the *Martinez* procedure, the district judge or a United States magistrate [judge] to whom the matter has been referred will direct prison officials to respond in writing to the various allegations, supporting their response by affidavits and copies of internal disciplinary rules and reports. The purpose of the *Martinez* report is to ascertain whether there is a factual as well as a legal basis for the prisoner's claims. This, of course, will allow the court to dig beneath the conclusional allegations. These reports have proved useful to determine whether the case is so devoid of merit as to warrant dismissal without trial.

*Id.* at 1007.

2

(i) file an answer, within 20 days of service;

(ii) within 90 days of filing an answer, prepare and file a *Martinez* report addressing the substance of the complaint; and,

(iii) within 120 days of filing an answer, file a separate summary-judgment motion, with a supporting memorandum.

(D) If Defendants wish to seek relief otherwise contemplated under the procedural rules (e.g., request an evidentiary hearing), Defendants must file an appropriate motion within 90 days of filing their answer.

The parties shall take note that new local rules governing civil cases are now in effect. The Approved Amendments to the Local Rules and Updated Rules are posted on the Court's website. All new requirements are important but the most significant changes are in motion practice and sealed filings. This Court will order the parties to refile summary-judgment motions which do not follow the new standards. *See* D. Utah Civ. R. 5-2 (Filing Cases and Documents under Court Seal); *id.* 7-1 (Motions and Memoranda); *id.* 26-2 (Standard Protective Order and Stays of Depositions); *id.* 56-1 (Summary Judgment: Motions and Supporting Memoranda).

Plaintiff is notified that (s)he may, within 30 days of its filing, respond to a *Martinez* report if desired. Plaintiff is further notified that (s) must, within 30 days of its filing, respond to a motion to dismiss or summary-judgment motion. Plaintiff is finally notified that, if Defendants move for summary judgment, Plaintiff cannot rest upon the mere allegations in the complaint. Instead, as required by Federal Rule of Civil Procedure 56(e), to survive a motion for summary

judgment Plaintiff must allege specific facts, admissible in evidence, showing that there is a genuine issue remaining for trial.

## ORDER

Accordingly, **IT IS HEREBY ORDERED** that:

(1) The USMS shall serve a completed summons, a copy of the Amended Complaint, (Docket Entry # 31), and a copy of this Order upon the above-listed defendants.

(2) Within 20 days of being served, Defendants must file an answer or motion to dismiss and proposed order, as outlined above.

(3) If filing a *Martinez* report, Defendants must do so within 90 days of filing their answer(s).  Under this option, Defendants must then file a summary-judgment motion within 120 days of filing their answer.

(4) If served with a *Martinez* report, Plaintiff may file a response within thirty days of the report's filing date.

(5) If served with a summary-judgment motion or motion to dismiss, Plaintiff must submit a response within 30 days of the motion's filing date.

(6) If requesting relief otherwise contemplated under the procedural rules, Defendants must do so within 90 days of filing their answer.

(7) The pending summary-judgment motion filed by already-served Defendants is DENIED.  (*See* Docket Entry # 108.)

(8) Already-served Defendants may join together with the defendants to be served on the basis of this Order to file a new joint summary-judgment motion on the schedule provided in this Order.

(8) Plaintiff's motion to waive summary-judgment time limits for his evidence already submitted is GRANTED.  (*See* Docket Entry # 132.)

DATED this 18th day of February, 2014.

BY THE COURT:

JUDGE CLARK WADDOUPS
United States District Court